IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.: 1:06-cr-31 (WLS) |
| | : | |
| NICOLE WENSIL, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is Defendant Nicole Winsel's *pro se* motion titled "Motion for Reconsideration 18 U.S.C. 3742(e) Post-Sentencing Rehabilitation Programming." (Doc. 246.) In the motion, Winsel contends that the Court may reduce her sentence under 18 U.S.C. § 3742(e) and *Pepper v. United States*, 131 S. Ct. 1229 (2011) for post-conviction rehabilitation.

As the Court explained in its May 9, 2013 Order, however, a sentencing court's jurisdiction to modify a sentence is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). "Specifically, § 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements . . . ; (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification . . . ; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met . . . ." *Id.* at 1195 (citations omitted). None of those circumstances are present here. And neither Section 3742(e) nor *Pepper v. United States* involves reducing an already-imposed sentence.

1

Accordingly, Winsel's motion (Doc. 246) must be, and is, **DENIED**.

**SO ORDERED**, this   18th   day of February, 2014.

　　　/s/ W. Louis Sands　　　
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**
